KAREN L. LOEFFLER
United States Attorney

KELLY CAVANAUGH
Assistant U.S. Attorney
Federal Building & U.S. Courthouse
222 West Seventh Avenue, #9, Room 253
Anchorage, Alaska 99513-7567
Phone: (907) 271-5071
Fax: (907) 271-1500
Email: kelly.cavanaugh@usdoj.gov

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | No. 4:13-cr-00004-02-RRB-SAO |
| | ) | |
| Plaintiff, | ) | **PLEA AGREEMENT** |
| | ) | |
| vs. | ) | |
| | ) | |
| CYNTHIA HAWKS | ) | |
| | ) | |
| Defendant. | ) | |

**Unless the parties jointly inform the Court in writing of any additional agreements, this document in its entirety contains the terms of the plea agreement between the defendant and the United States. This agreement is limited to the District of Alaska; it does not bind other federal, state, or local prosecuting authorities.**

# I. TERMS OF AGREEMENT, FEDERAL RULE OF CRIMINAL PROCEDURE 11, WAIVER OF CLAIM FOR ATTORNEY'S FEES AND COSTS

## A. Terms of Agreement

The defendant agrees to plead guilty to Counts 1 and 2 of the two-count indictment in this case, and agrees to admit the forfeiture count in the indictment. The United States agrees not to prosecute the defendant further for any other offense related to the event that resulted in the charges contained in the indictment. The parties are free to make sentencing recommendations consistent with this agreement. Any agreements the parties have on sentencing recommendations and guideline applications are set forth in Section III. The defendant will waive all rights to appeal the conviction and sentence imposed under this agreement, and will waive all rights to collaterally attack the conviction and sentence, except on the grounds of ineffective assistance of counsel or the voluntariness of the plea.

## B. Federal Rule of Criminal Procedure 11

Unless the parties otherwise inform the Court in writing, Federal Rule of Criminal Procedure 11(c)(1)(A) and (B) will control this plea agreement. Thus, the defendant may not withdraw from this agreement or the guilty plea if the Court rejects the parties' sentencing recommendations at the sentencing hearing.

Case 4:13-cr-00004-RRB   Document 149   Filed 05/20/13   Page 2 of 20

### C. Waiver of Claim for Attorney Fees and Costs

Because this is a negotiated resolution of the case, the parties waive any

claim for the award of attorney fees and costs from the other party.

## II. CHARGES, ELEMENTS, FACTUAL BASIS, STATUTORY PENALTIES AND OTHER MATTERS AFFECTING SENTENCE, FORFEITURE

### A. Charges

1)      The defendant agrees to plead guilty to the following counts of

the Indictment:

Count 1: Drug Conspiracy, a violation of 21 U.S.C. § 846, 841(a)(1)

and (b)(1)(C).

Count 2: Conspiracy to Launder Proceeds of Unlawful Distribution of

Controlled Substances, a violation of 18 U.S.C. § 1956(h).

### B. Elements

The elements of the charges to which the defendant is pleading guilty are as

follows:

### Count 1:

1)      First, on or about September 20, 2010, and continuing until at

least on or about October 23, 2012, there was an agreement between two or more

persons to distribute a mixture and substance containing heroin, and

2)      Second, the defendant became a member of the agreement knowing that the object of the agreement was to distribute a mixture and substance containing heroin; and

3)      Third, the defendant joined the agreement with the intent to further this objective.

**Count 2:**

1)      There was an agreement between two or more people  to violate 18 U.S.C. Section 1956; the elements of this object crime are:

a.      First, the defendant conducted a financial transaction involving property that represented the proceeds of a specified unlawful activity, in this case, drug trafficking;

b.      Second, the defendant knew that the property represented the proceeds of drug trafficking; and

c.      Third, the defendant knew that the transaction was designed in whole or in part to conceal or disguise the nature, location, source, ownership, or control of the proceeds of drug trafficking; to avoid a transaction reporting requirement under State of Federal law; and the monetary transactions with

Case 4:13-cr-00004-RRB   Document 149   Filed 05/20/13   Page 4 of 20

criminally derived property of a value greater than $10,000 that

was derived from the unlawful distribution of controlled

substances; and

2)    The defendant joined the conspiracy knowing of its object

and intending to help accomplish it.

## C.    Factual Basis

The defendant admits the truth of the allegations in Counts 1 and 2 of the

indictment and the truth of the following statement, and the parties stipulate that

the Court may rely upon this statement to support the factual basis for the guilty

plea and for the imposition of the sentence:

Between September 20, 2010, and October 23, 2012, Cynthia Hawks, the

defendant, joined in an agreement with Nathan Jackson, Fabienne Clerc, and

others to distribute a mixture and substance containing heroin in and around

Fairbanks, Alaska.  Hawks made this agreement knowing the objective was to

distribute heroin and she joined with the intent to distribute heroin.  Hawks would

receive heroin from Nathan Jackson and distribute it in Fairbanks.  As a member

of the conspiracy, Hawks sold .5 grams of heroin on August 11, 2012, and sold 1

gram of heroin on August 21, 2012.

Between September 20, 2010, and October 23, 2012, Cynthia Hawks joined in an agreement with Nathan Jackson, Hailey Jelinek, Fabienne Clerc, Misty McDonald, and others to launder the proceeds of the unlawful distribution of a mixture and substance containing heroin, by conducting financial transactions which involved the profits and proceeds of the distribution of heroin. These transactions were conducted with the intent to conceal or disguise the nature, location, source, ownership, or control of the proceeds; to avoid a transaction reporting requirement under State or Federal law; and she and her co conspirators engaged in monetary transactions with criminally derived property of a value greater than $10,000.00 that was derived from the unlawful distribution of heroin. Hawks joined the conspiracy knowing that one of the objects of the conspiracy was to launder proceeds of the distributed heroin. Hawks joined the conspiracy with the intent to further the objectives of the conspiracy.

In December 2011, Hawks made 5 separate cash deposits of $9,500.00, on 5 separate days into her bank account at Alaska USA Federal Credit Union, these deposits were in addition to a $15,000.00 deposit she had previously made. All of the cash deposits came from Jackson, all of these deposits were the proceeds from the distribution of heroin. Hawks then withdrew $62,000.00 in the form of a cashiers check payable to Northwest Jeep, and purchased a 2012 Jeep Grand

Cherokee for $64,000.00 in January 2012. On the day of sale, the ownership of the Jeep was immediately transferred from Hawks to Jackson's sister, Hailey Jelinek. In August 2012, the same Jeep was sold for $50,000.00. Hailey Jelinek received a cashier's check from Gene's Chrysler in Fairbanks for the sale of the Jeep and immediately converted that cashiers check to another $50,000.00 cashiers check to her mother, Cynthia Hawks. Hawks then cashed the cashiers check and gave the proceeds to Jackson. Jackson was the true owner of the Jeep, Hawks and Jelinek were involved in the purchase, sale, and re-sale of the Jeep in order to conceal the true source of the proceeds from the distribution of heroin and to circumvent State and Federal financial reporting requirements.

Hawks knew that the money she deposited for Jackson for the purchase of the 2012 Jeep Grand Cherokee was from the proceeds of the distribution of heroin.

## D. Statutory Penalties and Other Matters Affecting Sentence

### 1. Statutory Penalties

The statutory penalties applicable to the charges to which the defendant is pleading guilty, based on the facts to which the defendant will admit in support of the guilty plea, are as follows:

Count 1: Drug Conspiracy

    1)    0-20 years imprisonment;

    2)    a maximum $1,000,000 fine;

    3)    a $100 mandatory special assessment; and

    4)    3 years (mandatory minimum) to life of supervised release.

Count 2: Conspiracy to Launder Unlawful Proceeds

    1)    0-20 years imprisonment;

    2)    a maximum $500,000 fine or twice the value of the property laundered;

    3)    a $100 mandatory special assessment; and

    4)    3 years of supervised release.

**2.    Other Matters Affecting Sentence**

**a.    Conditions Affecting the Defendant's Sentence**

The following conditions may also apply and affect the defendant's sentence: 1) pursuant to Comment 7 of U.S.S.G. § 5E1.2, the Court may impose an additional fine to pay the costs to the government of any imprisonment and supervised release term; 2) pursuant to 18 U.S.C. § 3612(f), unless otherwise ordered, if the Court imposes a fine of more than $2,500, interest will be charged

U.S. v. Hawks
4:13-cr-00004-02-RRB-SAO          Page 8 of 20

on the balance not paid within 15 days after the judgment date; 3) upon violating any condition of supervised release, a further term of imprisonment equal to the period of the supervised release may be imposed, with no credit for the time already spent on supervised release; 4) the Court may order the defendant to pay restitution pursuant to 18 U.S.C. § 3663 and U.S.S.G. § 5E1.1.

### b.    Payment of Special Assessment

The defendant agrees to pay the entire special assessment in this case on the day the Court imposes the sentence. All payments will be by check or money order, and are to be delivered to the Clerk of Court, United States District Court, 222 W. 7th Ave. Box 4, Rm. 229, Anchorage, AK 99513-7564.

### c.    Consequences of Felony Conviction

Any person convicted of a federal felony offense may lose or be denied federal benefits including any grants, loans, licenses, food stamps, welfare or other forms of public assistance, as well as the right to own or possess any firearms, the right to vote, the right to hold public office, and the right to sit on a jury. If applicable, any defendant who is not a United States citizen, may be subject to deportation from the United States following conviction for a criminal offense andwill not be permitted to return unless the defendant specifically receives the prior approval of the United States Attorney General.

U.S. v. Hawks
4:13-cr-00004-02-RRB-SAO          Page 9 of 20

### E.  Forfeiture

The defendant has agreed to admit the forfeiture allegation in the indictment and to forfeit the following items:

a.  $11,054.00 in American currency seized from 2865 Mack Blvd, Unit 2, in Fairbanks, Alaska on February 28, 2013;

b.  $46,907.00 in American currency seized from storage unit #40, Alaska Mini Storage, 2800 Pacific Place, Fairbanks, Alaska on March 5, 2013;

c.  Sig Sauer Model P250, .40 caliber handgun, SN: EAK056116 seized from 314 Slough Street, Fairbanks, Alaska, on October 23, 2012

d.  2003 Sea-Doo Personal Watercraft  Serial Number – ZZN51260L899, seized from 314 Slough Street, Fairbanks, Alaska, on October 23, 2012;

e.  2003 Sea-Doo Jet Ski Watercraft Serial Number – ZZN51299L899, seized from 314 Slough Street, Fairbanks, Alaska, on October 23, 2012;

f.  Double Sea-Doo Trailer (no serial or Vin number found), seized from 314 Slough Street, Fairbanks, Alaska, on October 23, 2012;

g.   a 1995 Chevrolet Tahoe SUV, VIN: 3GNEK18K8SG120016, Alaska License Plate Number: DGT212, seized on February 28, 2013;

h.   a 2006 Chevrolet Malibu Sedan, VIN:1G1ZT51F86F121047, Alaska License Plate Number: FLL444, seized on February 28, 2013; and

i.   A 2001 Toyota 4Runner SUV, VIN:JT3HN86RX10330078, Alaska License Plate Number: ERL205, seized on February 28, 2013.

### F.   Restitution

The parties agree that there is no restitution due in this case.

## III.   ADVISORY UNITED STATES SENTENCING GUIDELINES; GUIDELINE APPLICATION AGREEMENTS; SENTENCING RECOMMENDATIONS

### A.   Advisory United States Sentencing Guidelines

The Court must consult the advisory United States Sentencing Commission Guidelines [U.S.S.G.] as well as the factors set forth in 18 U.S.C. § 3553(a) when considering the sentence to impose.  The U.S.S.G. do not establish the statutory maximum or minimum sentence applicable to the offenses to which the defendant is pleading guilty.  The U.S.S.G. are not mandatory and the Court is not bound to impose a sentence recommended by the U.S.S.G.

**B.    Guideline Application Agreements**

The parties have no agreements on any guideline applications unless set forth below in this section.

### 1.    Acceptance of Responsibility

Subject to the defendant satisfying the criteria set out in U.S.S.G. § 3E1.1 and the applicable application notes, the United States agrees to recommend the defendant for a two level downward adjustment for acceptance of responsibility and, if U.S.S.G. § 3E1.1(b) applies, to move for the additional one level adjustment for acceptance of responsibility. If, at any time prior to imposition of the sentence, the defendant fails to fully satisfy the criteria set out in U.S.S.G. § 3E1.1, or acts in a manner inconsistent with acceptance of responsibility, the United States will not make or, if already made, will withdraw this recommendation and motion.

**C.    Sentencing Recommendations**

The United States Probation Office will prepare the defendant's pre-sentence report in which it will include a recommended calculation of the defendant's sentence range under the U.S.S.G. Both the United States and the defendant will have the opportunity to argue in support of or in opposition to the guideline sentence range calculation the U.S.P.O. recommends, as well as present

Case 4:13-cr-00004-RRB   Document 149   Filed 05/20/13   Page 12 of 20

evidence in support of their respective sentencing arguments. The parties are free to recommend to the Court their respective positions on the appropriate sentence to be imposed in this case based on the stipulated facts set forth in Section II C, any additional facts established at the imposition of sentence hearing, the applicable statutory penalty sections, the advisory U.S.S.G., and the sentencing factors set forth in 18 U.S.C. § 3553.

## IV. WAIVER OF TRIAL, APPELLATE RIGHTS, AND COLLATERAL ATTACK RIGHTS

### A. Trial Rights

Being aware of the following, the defendant waives these trial rights:

-- If pleading to an information, the right to have the charges presented to the grand jury prior to entering the guilty plea;

-- The right to a speedy and public trial by jury on the factual issues establishing guilt or any fact affecting the mandatory minimum and statutory penalties, and any issue affecting any interest in any assets subject to forfeiture;

-- The right to object to the composition of the grand or trial jury;

-- The right to plead not guilty or to persist in that plea if it has already been made;

Case 4:13-cr-00004-RRB   Document 149   Filed 05/20/13   Page 13 of 20

--      The right to be presumed innocent and not to suffer any
        criminal penalty unless and until the defendant's guilt is
        established beyond a reasonable doubt;

--      The right to be represented by counsel at trial and if necessary
        to have a counsel appointed at public expense to represent the
        defendant at trial -- the defendant is not waiving the right to
        have counsel continue to represent the defendant during the
        sentencing phase of this case;

--      The right to confront and cross examine witnesses against the
        defendant, and the right to subpoena witnesses to appear in the
        defendant's behalf;

--      The right to remain silent at trial, with such silence not to be
        used against the defendant, and the right to testify in the
        defendant's own behalf; and

--      The right to contest the validity of any searches conducted on
        the defendant's property or person.

## B.    Appellate Rights

The defendant waives the right to appeal the conviction resulting from the
entry of guilty plea to the charges set forth in this agreement. The defendant

U.S. v. Hawks
4:13-cr-00004-02-RRB-SAO            Page 14 of 20

further agrees that if the Court imposes a sentence that does not exceed the statutory maximum penalties – as set forth in Section II D above in this agreement, the defendant waives without exception the right to appeal on all grounds contained in 18 U.S.C. § 3742 the sentence the Court imposes – including forfeiture or terms or conditions of probation or supervised release, and any fines or restitution.

### C.    Collateral Attack Rights

The defendant agrees to waive all rights to collaterally attack the resulting conviction and/or sentence – including forfeiture or terms or conditions of probation or supervised release, and any fines or restitution – the Court imposes. The only exceptions to this collateral attack waiver are as follows: 1) any challenge to the conviction or sentence alleging ineffective assistance of counsel -- based on information not now known to the defendant and which, in the exercise of reasonable diligence, could not be known by the defendant at the time the Court imposes sentence; and 2) a challenge to the voluntariness of the defendant's guilty plea.

## V.    ADDITIONAL AGREEMENTS BY UNITED STATES

In exchange for the defendant's guilty plea and the Court's acceptance of the defendant's plea and the terms of this agreement, the United States agrees that

U.S. v. Hawks
4:13-cr-00004-02-RRB-SAO          Page 15 of  20

it will not prosecute the defendant further for any other offense -- now known --

arising out of the subject of the investigation related to the charges brought in the

indictment in this case and the defendant's admissions set forth in Section II C.

Provided, however, if the defendant's guilty plea is rejected, withdrawn, vacated,

reversed, or set aside, or if the defendant's sentence or conviction is vacated,

reversed, set aside, or modified, at any time, in any proceeding, for any reason, the

United States will be free to prosecute the defendant on all charges arising out of

the investigation of this case including any charges dismissed pursuant to the

terms of this agreement, which charges will be automatically reinstated as well as

for perjury and false statements.

## VI.    ADEQUACY OF THE AGREEMENT

Pursuant to Local Criminal Rule 11.2 (d)(7) and (8), this plea agreement is

appropriate in that it conforms with the sentencing goals that would otherwise be

applicable to the defendant's case if the defendant had gone to trial and had been

convicted on all counts in the charging instrument.

## VII.   THE DEFENDANT'S ACCEPTANCE OF THE TERMS OF THIS
PLEA AGREEMENT

I, CYNTHIA HAWKS, the defendant, affirm this document contains all of

the agreements made between me – with the assistance of my attorney – and the

United States regarding my plea. There are no other promises, assurances, or agreements the United States has made or entered into with me that have affected my decision to enter any plea of guilty or to enter into this agreement. If there are any additional promises, assurances, or agreements, I and the United States will jointly inform the Court in writing before I enter my guilty plea.

I understand that no one, including my attorney, can guarantee the outcome of my case or what sentence the Court may impose if I plead guilty. If anyone, including my attorney, has done or said anything other than what is contained in this agreement, I will inform the Court when I stand before it to enter my plea. If there were, I would so inform the Court.

I enter into this agreement understanding and agreeing that the conditions set forth herein are obligatory and material to this agreement and that any failure on my part to fulfill these obligations will constitute a material breach of this agreement. If I breach this agreement, I agree the United States, in its sole discretion, may withdraw from this agreement and may reinstate prosecution against me on any charges arising out of the investigation in this matter. If my compliance with the terms of this plea agreement becomes an issue, at an appropriate hearing, during which I agree any of my disclosures will be admissible, the Court will determine whether or not I have violated the terms of

this agreement. I understand the government's burden to prove a breach will be by a preponderance of the evidence.

I understand the Court will ask me under an oath to answer questions about the offense to which I am pleading guilty and my understanding of this plea agreement. I understand that I may be prosecuted if I make false statements or give false answers and may suffer other consequences set forth in this agreement.

I have read this plea agreement carefully and understand it thoroughly. I know of no reason why the Court should find me incompetent to enter into this agreement or to enter my plea. I enter into this agreement knowingly and voluntarily. I understand that anything that I discuss with my attorney is privileged and confidential, and cannot be revealed without my permission. Knowing this, I agree that this document will be filed with the Court.

I am fully satisfied with the representation given me by my attorney and am prepared to repeat this statement at the time I stand before the Court and enter my guilty plea. My attorney and I have discussed all possible defenses to the charges to which I am pleading guilty. My attorney has investigated my case and followed up on any information and issues I have raised to my satisfaction. My attorney has taken the time to fully explain the legal and factual issues involved in my case to

Case 4:13-cr-00004-RRB   Document 149   Filed 05/20/13   Page 18 of 20

my satisfaction. We have discussed the statutes applicable to my offense and sentence as well as the possible effect the U.S.S.G. may have on my sentence.

Based on my complete understanding of this plea agreement, I therefore wish to enter a plea of guilty to Counts 1 and 2 of the indictment.

DATED: 5-18-13                    *Cynthia Hawks*

CYNTHIA HAWKS
Defendant

As counsel for the defendant, I have conveyed all formal plea offers the United States has extended to my client and I have discussed the terms of this plea agreement with the defendant. I have fully explained the charge to which the defendant is pleading guilty and the necessary elements, all possible defenses, and the consequences of a guilty plea to a felony. Based on these discussions, I have no reason to doubt that the defendant is knowingly and voluntarily entering into this agreement and entering a plea of guilty. I know of no reason to question the defendant's competency to make these decisions. If, prior to the imposition of sentence, I become aware of any reason to question the defendant's competency

//

//

//

Case 4:13-cr-00004-RRB   Document 149   Filed 05/20/13   Page 19 of 20

to enter into this plea agreement or to enter a plea of guilty, I will immediately

inform the court.

DATED: _May 18, 2013_                    _D. SCOTT DATTAN, Esq._
                                         Attorney for CYNTHIA HAWKS

On behalf of the United States, the following accept CYNTHIA HAWKS'

offer to plead guilty under the terms of this plea agreement.

DATED: _5·20·13_                         _KELLY CAVANAUGH_
                                         Assistant U.S. Attorney
                                         United States of America

DATED: _5·20-13_                    for  _KAREN L. LOEFFLER_
                                         United States Attorney
                                         United States of America